**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

JAMES E. SMITH,

        Plaintiff,     :    Case No. 2:19-cv-4605

  - vs -                           Judge Sarah D. Morrison
                                        Magistrate Judge Chelsey M. Vascura

STANDARD OIL CO., INC., *et al.*,

                                  :

        Defendants.

**OPINION AND ORDER**

This matter comes before the Court upon Defendant Standard Oil Company, Inc.'s Motion for Judgment on the Pleadings or in the Alternative Motion to Enforce Settlement Agreement (ECF No. 31), Plaintiff James Smith's Brief in Opposition (ECF No. 36), and Standard Oil's Reply (ECF No. 37). For the reasons that follow, Defendant's Motion is **DENIED**.

The lawsuit stems from a dispute between Plaintiff James Smith ("Plaintiff"), his former employer Defendant Standard Oil Company, Inc. ("Standard Oil"), and past and present executives at Standard Oil, Defendants Rocky Steele, Brian McClure, Robert German, Mary Zingale, Andrew Zelnar, James Foushee, Richard Thomas, and Anne Beauchamp (hereafter collectively referred to as the "Individual Defendants"). Plaintiff alleges that Defendants engaged in whistleblower retaliation when Standard Oil terminated Plaintiff from his position after he reported numerous alleged violations of federal law to the United States Securities and Exchange Commission. As a result, Plaintiff filed a Complaint on October 17, 2019, alleging retaliation in violation of the Dodd-Frank Act (against Standard Oil), defamation (against Mr. Steele), and

intentional infliction of emotional distress (against all Individual Defendants). (ECF No. 1). Defendants filed their Answers on January 13, 2020, and Standard Oil lodged a counterclaim for violation of statutory duties. (ECF Nos. 25, 26).

On February 21, 2020, Standard Oil filed a "Motion for Judgment on the Pleadings or in the Alternative Motion to Enforce Settlement Agreement" (ECF No. 31) and the Individual Defendants joined in the Motion thereafter (ECF No. 33). Standard Oil argues that it is entitled to judgment on the pleadings because "[a]fter Plaintiff's employment with Standard Oil ended [but before this lawsuit], Plaintiff entered into a binding settlement agreement with Standard Oil in which he agreed to a release of all of his claims." (*Id.* at 1). Standard Oil attached the e-mail communications outlining the alleged agreement to its Motion. (ECF No. 32-1). In his Brief in Opposition (ECF No. 36), Plaintiff responds that Standard Oil "cannot meet its burden of showing by clear and convincing evidence that an enforceable settlement agreement exists as to all material terms." (Brief in Opp., 1). Both sides fail to recognize the issues actually before this Court.

First, Standard Oil's Motion is substantively not a motion for judgment on the pleadings. At no time does Standard Oil address either the claims raised by Plaintiff or the counterclaim raised in its Answer. The Motion is performatively only a request to enforce a settlement agreement between the parties—as the latter part of the title suggests.

Second, there is no legal basis for this Court to enforce a settlement agreement allegedly reached by the parties prior to the filing of this case. Contrary to Standard Oil's assertion, Federal Rule of Civil Procedure 60(b) is not applicable here. There has been no "final judgment, order, or proceeding" by this Court, or any other court, for Standard Oil to seek relief from. *Id.* And the Second Circuit case cited by Standard Oil in attempted support of such assertion does

absolutely nothing to substantiate its argument. *See Martens v. Thomann*, 273 F.3d 159 (2d Cir. 2001) (discussing a motion to enforce a class action settlement agreement approved by the court where the court retained exclusive jurisdiction over implementation and enforcement of the agreement).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "Enforcement of [a] settlement agreement . . . whether through award of damages or decree of specific performance . . . requires its own basis for jurisdiction." *Id.* at 378. United States District Courts have the "inherent power to enforce agreements entered into in settlement of litigation *pending before them*." *Wyche v. Procter & Gamble*, 772 F. Supp. 982, 984 (S.D. Ohio 1990) (emphasis added). Similarly, "a district court retains jurisdiction to enforce a settlement agreement if it either (1) has language in the dismissal order indicating its retention of jurisdiction, or (2) incorporates the terms of the settlement agreement into the dismissal order." *Hehl v. City of Avon Lake*, 90 F'Appx 797, 801 (6th Cir. 2004). Otherwise, enforcement of a settlement agreement is a breach of contract claim and belongs in state court, unless there is some independent basis for federal jurisdiction. *Kokkonen*, 511 U.S. at 382; *see also Echols v. Williams*, 267 F. Supp. 2d 865, 867 (S.D. Ohio 2003) ("[A] settlement agreement is a contract, and as such, is enforceable under contract law principles."). Here, the Court arguably has supplemental jurisdiction over state claims raised by the parties that stem from the same controversy as Plaintiff's federal claim under the Dodd-Frank Act. Yet, Defendants did not file a breach of contract counterclaim in this action. The Court has no jurisdiction to determine the validity of a claim that is not before it.

Accordingly, Standard Oil's Motion is **DENIED**. (ECF No. 31).

**IT IS SO ORDERED**.

4

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE

4