IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES E. SMITH, II,

    Plaintiff,

v().

STANDARD OIL COMPANY, INC., *et al.*,

    Defendants.

Civil Action 2:19-cv-4605
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendant Standard Oil Company, Inc.'s ("Standard Oil") Motion for Leave to File Amended Counterclaim (ECF Nos. 41, 42) and later joined by the remaining Defendants (ECF No. 49); Plaintiff's Response in Opposition (ECF No. 43); and Standard Oil's Reply (ECF No. 48),[1] which the remaining Defendants also joined (ECF No. 49). For the reasons that follow, Standard Oil's Motion is **GRANTED**.

**I.**

Plaintiff filed his Complaint on October 17, 2019, alleging claims against his former employer, Standard Oil, and current and former Standard Oil officers and directors. (ECF No. 1.) On January 10, 2020, this Court issued a Preliminary Pretrial Order ("PPO"), which established case schedule deadlines, including the at-issue March 31, 2020 deadline for amendments to the pleadings. (ECF No. 24.) On January 13, 2020, Standard Oil filed its

---

[1] Standard Oil also filed additional versions of its Reply at ECF Nos. 46 and 47. Although it is unclear why two corrective filings were necessary, the Court considers the last-filed version to be the operative Reply.

Answer, Affirmative Defenses, and Counterclaim.  (ECF No. 25.)  Standard Oil asserted as an affirmative defense, among others, that Plaintiff's claims were barred by a binding settlement agreement between Standard Oil and Plaintiff.  (*Id*. at 16.)  Standard Oil's counterclaims pertained to Plaintiff's alleged breach of a corporate officer's statutory obligations.  (*Id*. at 26–28.)

On February 21, 2020, Standard Oil filed its Motion for Judgment on the Pleadings or in the Alternative Motion to Enforce Settlement Agreement ("Motion to Enforce Settlement Agreement").  (ECF Nos. 31–32.)  The remaining Defendants later joined in that Motion.  (ECF No. 33.)  Standard Oil's principal contention was that the claims in Plaintiff's Complaint were entirely covered by a binding settlement agreement between it and Plaintiff and, therefore, were not properly before this Court.  (ECF No. 32.  *See also* ECF No. 37.)  Plaintiff disputed the existence of a binding settlement agreement.  (ECF No. 36.)  After review of the parties' full briefing, this Court denied Standard Oil's Motion to Enforce Settlement Agreement on June 5, 2020.  (ECF No. 39.)  The Court found that it lacked jurisdiction to enforce the settlement agreement, noting that Standard Oil did not bring a breach of contract counterclaim to establish such jurisdiction.  (*Id*. at 2–3.)

Shortly after the Court issued its decision, on June 11, 2020, Standard Oil filed the instant Motion, in which it seeks leave to amend its counterclaim to include three additional claims pertaining to the settlement agreement, including (i) breach of contract, (ii) specific performance, and (iii) declaratory judgment.  (ECF Nos. 41–42.)  Standard Oil asserts the following arguments in favor of granting such leave: Standard Oil failed to request leave to amend prior to the PPO's deadline because its Motion to Enforce Settlement Agreement was then pending; at the time,

2

Standard Oil believed in good faith that the Court had the authority to enforce the settlement agreement; and granting leave would benefit judicial economy and permit the Court to decide the matter on the merits.  (*Id*.  *See also* ECF No. 48.)  Plaintiff counters that Standard Oil's Motion should be denied because: Standard Oil has failed to prove good cause for missing the deadline set out in the PPO; and Plaintiff would suffer prejudice if the Motion is granted, because it would confer on Standard Oil "an opportunity to engage in a second full round of briefing" on the issue of the settlement agreement.  (ECF No. 43.)

## II.

Considering whether to grant leave to amend a pleading after the deadline set out in the case scheduling order requires analysis under Federal Rules of Civil Procedure 16(b)(4) and 15(a)(2).  Under Rule 16(b)(4), when a party seeks a modification of the deadlines established by the court's scheduling order—which limits the time to, *inter alia*, amend the pleadings (*see* Fed. R. Civ. P. 16(b)(3)(A))—the party must first demonstrate "good cause."  Fed. R. Civ. P. 16(b)(4). *See also Andretti v. Borla Performance Indus., Inc*., 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Inge v. Rock Fin. Corp*., 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)).  "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment."  *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

Where good cause exists under Rule 16, the court next determines whether amendment is proper under Rule 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

### III.

The Court finds good cause to modify the deadline to amend the pleadings, as established in the PPO. *See* Fed. R. Civ. P. 16(b)(4). As of the March 31, 2020 deadline for amending the pleadings, Standard Oil's Motion to Enforce Settlement Agreement was fully briefed and pending before this Court. Standard Oil represents that it "believed, in good faith . . . , that the Court had the authority to enforce the parties' settlement agreement" as the pleadings stood at that time. (ECF No. 48 at 6.) Given this good faith belief, and the briefing from both Plaintiff and Standard Oil on the issue of the settlement agreement then before the Court, the Court is convinced it was not for lack of diligence that Standard Oil failed to move for leave to amend prior to the expiration of the deadline for amendments.

Plaintiff's reliance upon *Taglione v. Charter Communications, LLC*, No. 2:19-cv-528,

4

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE